the second action "is to prevent vexation and the plea can never prevail except where the second suit is vexatious." Compton v. Green & Ide, 9 How. Prac. 228. There can be no doubt but that a suitor having a claim against another person has the right either to bring an independent action or in a proper case to interpose his cause of action as a counterclaim or set-off. Ordinarily, where he has chosen to bring an independent action, he may interpose his claim as a counterclaim only after discontinuing his prior action, for the law does not look with approval upon the pendency of two actions where full relief may be afforded in one action. The Municipal Court has not, however, jurisdiction to award judgment upon a counterclaim for more than the sum of $500. This defendant, therefore, by interposing his counterclaim, cannot obtain the full relief claimed upon his cause of action. Nevertheless, he is not entirely precluded either from interposing his claim as a counterclaim or from obtaining in another action the relief which the Municipal Court cannot give him. By section 157 of the Municipal Court Act he is expressly given both these rights. A judgment in the Municipal Court upon his counterclaim would not bar a larger recovery in another action in a court of greater jurisdiction, and the pendency of an action in such a court is not vexatious, and should not bar the defendant from interposing his counterclaim.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

## DANIEL v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term. May 13, 1912.)

1. COURTS (§ 188*)—JURISDICTION—MUNICIPAL COURT—ASSAULT ON PASSENGER—BREACH OF CONTRACT.

   The Municipal Court has jurisdiction of a passenger's action against a carrier for assault, when the action is laid in contract.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

2. ACTION (§ 27*)—FORM—CONTRACT OR TORT—CARRIER'S ASSAULT ON PASSENGER.

   A passenger's action against a carrier for its violation of its contract to carry him as a passenger, by assaulting and ill treating him, is an action of contract.

   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 160–195; Dec. Dig. § 27.*]

3. ABATEMENT AND REVIVAL (§ 72*)—DEATH OF PARTY—SURVIVAL OF ACTION OF CONTRACT.

   A passenger's action for an assault and ill treatment, based on an alleged breach of the carrier's contract to carry safely, may be revived in the name of plaintiff's personal representative after his death pending reversal of judgment for the carrier and a second trial.

   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 377–402, 412–416; Dec. Dig. § 72.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Benjamin Daniel against the Brooklyn Heights Railroad Company. From a judgment of the Municipal Court of the City of New York dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

See, also, 67 Misc. Rep. 78, 121 N. Y. Supp. 577.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Barnett E. Kopelman, of New York City, for appellant.

George D. Yeomans, of Brooklyn (James W. Carpenter, of Brooklyn, of counsel), for respondent.

GERARD, J. The complaint alleges that the plaintiff became a passenger upon one of defendant's cars and paid his fare; that, in consideration of such fare, the defendant promised and agreed to carry this plaintiff upon its cars and to treat him properly, carefully, and with all respect due him as such lawful passenger; and that, while the plaintiff was such a passenger, the defendant herein, through its agents, wrongfully, illegally, and in violation of the terms of said contract violently assaulted and struck the plaintiff and otherwise ill treated him, and by reason of the premises he suffered humiliation, wounded pride, and disgrace and injuries to his feelings, became sick, sore, and disabled, was for a time compelled to be laid up in bed, and expended money for medicines and medical treatment, and was for a time unable to earn his usual livelihood to his damage in the sum of $500. At the previous trial there was a verdict in favor of the defendant, and upon appeal a new trial was ordered and the judgment reversed. See the opinion of Mr. Justice Lehman (67 Misc. Rep. 78, 121 N. Y. Supp. 577). After the reversal and before the second trial, the plaintiff died. Plaintiff's attorney made a motion to continue the action in the name of the administratrix, which motion was granted. At the second trial the plaintiff's attorney offered in evidence the testimony of the decedent taken at the first trial. This was rejected, and, after proof of the death of Benjamin Daniel, the original plaintiff, the action was dismissed. There is only one question involved in this appeal, and that is whether the cause of action set forth died with the plaintiff or survived to his estate.

[1, 2] The plaintiff endeavors to bring this action within the class of actions which survive by alleging that it was brought for a breach of contract to carry safely. In Kentucky, where a cause of action for assault does not survive, it was held in Winnegar's Administrator v. Central R. R. Co., 85 Ky. 547, 4 S. W. 237, that, where the action is laid in contract for breach of the contract to carry safely, such an action does survive. This case was cited with approval but not on this point in Gillespie v. R. R. Co., 178 N. Y. 347 at page 358, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503. It was held in the previous appeal of this case, following Busch v. Interborough R. T. Co., 187 N. Y. 388, 80 N. E. 197, 10 Ann. Cas. 460, that, although a Municipal Court has no jurisdiction of an action for assault, yet when the

assault is committed on a passenger and the action is laid in contract, as here, that the Municipal Court has jurisdiction. Bradshaw and Wife v. R. R. Co., L. R. 10 C. P. 189, was an action by the personal representative of a person killed in a railway accident brought to recover for injury to decedent's estate by reason of his inability to attend to business, for medical attendance, etc., before his death. It was there held that such an action would lie, although an action might lie also under Lord Campbell's Act, for the death. This case is cited in Hegerich v. Keddie, 99 N. Y. 269, 1 N. E. 794, 52 Am. Rep. 25, the court referring to the Bradshaw Case, saying: "The action was there based upon the theory of a breach of contract to carry the passenger safely." The action at bar is based on an alleged breach of contract and brought to recover the damages caused the estate of or property interests of decedent before his death.

[3] We think this cause of action survives, and the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.