accident the intestate was traveling by public conveyance within the meaning of the policy.

"An injury received," said Judge Grover, who delivered the opinion, "while so necessarily walking in the actual prosecution of the journey, is received while traveling by public conveyance within the meaning of the policy, as such walking is the actual and necessary accompaniment of such travel."

See, also, Champlin v. Assurance Co., 6 Lans. (N. Y.) 71; Depue v. Travelers' Insurance Co. (C. C.) 166 Fed. 183; Tooley v. Assurance Co., 24 Fed. Cas. 53; King v. Travelers' Insurance Co., 101 Ga. 64, 28 S. E. 661, 65 Am. St. Rep. 288.

The King Case is directly in point. There, the plaintiff was injured while attempting to alight from a street car and the point was made, as here, that the car having come to a stop for the purpose of allowing the plaintiff to alight, he was not, at the time the injury was sustained, riding as a passenger in a public conveyance. The court held otherwise, saying that:

"A person may be said to be traveling in a carriage while alighting therefrom until he has completely disconnected himself and alighted."

In the case now before us, according to the submission, the fracture was effected directly and independently of all other causes, through external, violent, and accidental means, and at the time the fracture was sustained the plaintiff "had neither safely landed nor completely alighted from the conveyance." Such fact being conceded, I am of the opinion, as already indicated, that the plaintiff is entitled to recover.

If these views be correct, then it follows that the plaintiff is entitled to recover, according to the submission, $450, with interest thereon from December 20, 1912, together with taxable disbursements, but without costs. All concur.

---

(80 Misc. Rep. 208.)

### DANIEL v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

1. COURTS (§ 189*)—MUNICIPAL COURT—JUDGMENT—ENTRY BY CLERK—VALIDITY.

A judgment entered by the clerk of a Municipal Court, without direction from the court or a judge thereof, is a nullity.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. COURTS (§ 190*)—MUNICIPAL COURT—REVIEW OF PROCEEDINGS—JURISDICTION.

Under Municipal Court Act (Laws 1902, c. 580) § 282, subd. 8, which makes it the duty of the clerk of the court to conform to the direction of the court, the Appellate Term has no authority to review action of a justice in making an order regulating the administration of the clerk's office; and hence appeal does not lie from an order vacating a judgment entered by a clerk without direction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Benjamin Daniel against the Brooklyn Heights Railroad Company. From an order vacating a judgment for plaintiff, he appeals. Appeal dismissed.

See, also, 153 App. Div. 901, 138 N. Y. Supp. 1113.

Argued March term, 1913, before LEHMAN, GERARD, and DE-LANY, JJ.

Barnett E. Kopelman, of New York City, for appellant.

George D. Yeomans, of Brooklyn (J. W. Carpenter, of Brooklyn, of counsel), for respondent.

DELANY, J. This is an appeal from an order directing the clerk to mark a certain paper entered as a judgment in his docket "Canceled," and that the case in which it purported to be entered be restored to the calendar, in order that an assessment of damage may be made.

The plaintiff brought suit to recover damages for the breach of a contract of carriage. At the first trial, the defendant recovered a judgment, which was reversed by this court. 67 Misc. Rep. 78, 121 N. Y. Supp. 577. Prior to the second trial the plaintiff died, and the action was continued in the name of his wife for the benefit of his estate. Upon the second trial the complaint was dismissed, on the theory that the action had abated. From the judgment entered thereon an appeal was taken to this court, and judgment reversed. 76 Misc. Rep. 482, 135 N. Y. Supp. 698. The defendant thereafter obtained an order from the Appellate Division permitting it to appeal thereto on giving the usual stipulation for judgment absolute. This was done, and the Appellate Division affirmed the determination of this court. 152 App. Div. 885, 136 N. Y. Supp. 1134. Before the damages were assessed, the clerk of the court, without any direction from the court or a judge thereof, entered a judgment against the defendant for $500 damages and $200.11 costs. A motion was made to cancel the entry and vacate and set aside the alleged judgment, and an order was thereafter made vacating and setting aside the entry, and it is from this order that the appeal is taken.

[1] The action of the clerk in attempting to assess the damages and enter judgment was clearly without any justification either under any statute or any rule. It amounted to an assumption of power which he did not possess. It was a nullity. The entry made in the books of the court was in the nature of a clerical error. It has been held in Dalton v. Loughlin, 4 Abb. N. C. 190, that clerks are a co-operative part of the court, performing its ministerial duties, while the functions of the justice are judicial. In a tribunal so constructed, the justice must make known to the clerk, either orally or in writing, the judgment that is to be rendered, as it is the clerk, and not the justice, who is by the statute to record the proceedings of the court; and, further, it is evidently the intention of the provisions I have referred to that the clerk and the justice should co-operate in the rendition of a judgment, each fulfilling the particular function assigned to him, that of

the clerk being ministerial and that of the justice judicial. In De La Figaniere and Another v. Jackson, 4 E. D. Smith, 479, the court said:

"It is obvious that judgments entered by direction of a single judge must in this section include judgments entered upon the verdict of a jury, or otherwise no appeal whatever would lie from such judgments. They are not provided for at all unless so included. Although it is true that the clerk is directed by the Code to enter judgment according to the verdict, yet his act is purely ministerial. That duty is made in terms subject to the direction of the judge, and is done in every practical sense under his immediate sanction."

[2] This entry could not constitute a judgment of the court, and the provisions of the statutes, therefore, bearing on judgments of the court did not apply to it. If the clerk had refused to remove the entry from the record, a mandamus would compel him to do so. The order appealed from was only necessary to rectify an error consisting of an entry mistakenly made in the court's records, and it was within the authority of the justice presiding in the court to direct that the correction be made. Under subdivision 8 of section 282 of the Municipal Court Act (Laws 1902, c. 580) it is specifically stated that it shall be the duty of the clerk of the court in each district in the performance of his duties to conform to the direction of the court.

This order did not affect any substantial right of the appellant. Under such circumstances, it seems to me that the Appellate Term has no authority to review the action of the justice in making such an order regulating the incidents of the administration of the clerk's office, and the order, therefore, is not appealable. If this were held to be otherwise, would it not be tantamount to maintaining that the Appellate Term has a right to direct how the ordinary routine business of the courts should be maintained in all the details of management?

Appeal dismissed, with $10 costs. All concur.