Justine Wise Polier, J.
Guardianship proceedings were instituted under section 384 of the Social Services Law by the Children’s Aid Society on May 3, 1972 on behalf of three children born out of wedlock, two of whom had been in their custody since 1965, and the youngest since 1967. The mother appeared on .the same day, was advised of her constitutional rights and referred for counsel since she had no independent means.
Counsel for the mother moves to have this court disqualify and recuse itself on the ground of prejudice based on an earlier denial of application for extension of placement by Children’s Aid Society and a memorandum decision of March 14, 1972 directing the agency to initiate abandonment proceedings under the Social Services Law. Counsel for Children’s Aid Society *792 oppose the motion. The memorandum decision in issue noted that the requests for extension of placement “ continued to repeat that the whereabouts of the father were unknown, that the mother had not visited since 1967, and that mail addressed to her had received no response or had been returned by the post office. ’ ’ Without passing on the validity of the allegations made by the authorized agency seeking extension of placement, the court’s memorandum stated:
“ The children of this mother seem to he long-term boarders who have been abandoned by both their natural parents whose whereabouts have not been known, and from whom none of the children have had visits for over four years.
“ This court therefore directed that probation secure developmental histories from Children’s Aid Society and consideration of termination of parental rights or other appropriate action in light of alleged abandonment ”. (Italics supplied.)
After reviewing the series of application for extensions of placements with repeated summaries concerning the absence of any family visits to these three children since 1967, this court’s memorandum also stated: “ This court cannot perform a ceremonial act of yearly extension (of placement) absent adequate efforts on their (the children’s) behalf.”
Counsel have agreed to a trial on the merits of the guardianship proceedings under section 384 of the Social Services Law in September, 1972. The sole question at this time is whether the court should disqualify itself from hearing that proceeding. This court is satisfied that it cannot properly do so and must therefore deny the motion to disqualify and recuse.
Absent any statutory ground for this court disqualifying itself, this court must be satisfied as a matter of conscience that it is unbiased, unprejudiced and able to determine the issue of guardianship impartially. This court did not make the original finding of neglect and on the three subsequent occasions when extensions of placement were granted in 1968, 1969, and 1976, the orders were entered by three other Judges of this court. There was no appearance when the petitions for further extension of placement were presented to this court on October 15, 1971. This court had had no contact with either the parents or children at the time the memorandum was written except from the written petition alleging facts which would constitute abandonment under the law of this State. In any guardianship proceeding, as in the instant one, such allegations are required by law. There is thus no ground for disqualification on the basis of personal bias or interest of the court in the outcome of *793 the case as a private individual rather than as a Judge. See, Matter of Diana A. (65 Misc 2d 1034) in which Judge Dembitz held that prior judicial exposure to present parties or questions was not a ground for disqualification (cases cited). (See, also, People v. Horton, 18 N Y 2d 355.)
In Friedman v. State of New York (24 N Y 2d 528) a former Judge attacked the order for his removal from the Bench by the Court on the Judiciary on several grounds including that the court had combined the functions of complainant, prosecutor and Judge. On review the Court of Appeals found that the Court on the Judiciary had no interest in the outcome because it reviewed allegations to determine whether a basis existed for the preferral of charges. In that case, the additional fact that the Court on the Judiciary designated counsel to prefer the charges was not held to warrant the assumption that the court became so involved in the case as to deprive the claimant of impartial treatment.
In the instant case no such issue arises as counsel for Children’s Aid Society will represent the petitioner. In Friedmcm (24 N Y 2d 528, supra) Matter of Murchison (349 U. S. 133) was distinguished on the ground that in that case the Judge had called on his personal knowledge and impressions of what had occurred in the Grand Jury room so that defendant was deprived of the right to examine or cross-examine the Judge as a witness.
In the instant case this court in its opinion of March 14, 1972 reviewed the allegations set forth by the Children’s Aid Society in its petition for extension of placement, and in the exercise of its discretion this court determined that there was sufficient basis for directing the filing of a petition alleging abandonment under the Social Services Law. Such determination did not evaluate the truth of the allegations set forth by the Children’s Aid Society or pass on the evidence required to sustain the allegations in the petition now filed pursuant to section 384 of the Social Services Law. Whether the evidence to be submitted at the hearing will .sustain the allegations is a matter to be determined at the trial.
In the absence of either a statutory reason or a finding by this court of any impediment to a fair and impartial trial, the motion to disqualify must be dismissed.
In denying the motion this court is mindful of both criticism that Judges in New York disqualify themselves too frequently and of the opinion that a general trend toward disqualification on motions is better than the resistance to such motions. In. the instant case, to grant such motion without- cause would be *794 to invite fragmentation of the court, the undermining of recent court reforms directed to achieving the conduct of all phases of one family case by one Judge, and would invite Judge-shopping. Safeguards for due process do not require that at every stage of judicial action concerning neglected children, whether fact-finding, dispositional, extensions of placement, permanent neglect or guardianship proceedings, a different Judge with no knowledge of the questions or the people involved in previous proceedings shall be required. Such a requirement is not only antithetical to the concept of “ one-Judge-one case ” but is at war with the sound administration of justice on behalf of children. Outside of New York City, it would require constant changes of venue and endless delay. In New York City it would prevent timely and seasonable action on behalf of neglected and abused children, who like their parents, are entitled to fair and prompt hearings. Its requirement is based on the false assumption that knowledge gained as a Judge, when there is neither personal bias nor personal interest, is sufficient ground for questioning the ability of a Judge to act without bias or prejudice.
Motion to disqualify and recuse denied.
The case is set down for trial.