■ MARIANNA CASTERELLA, Respondent, v JOSEPH CASTERELLA, Appellant.—In a matrimonial action, the defendant appeals from an order of the Supreme Court, Westchester County, dated November 30, 1977, which denied his motion to declare void the judgment of divorce which had previously been granted him by another Judge. Order reversed, on the law, without costs or disbursements, motion granted and the judgment of divorce, dated May 5, 1976, is declared null and void. The sole issue is whether the judgment of divorce should be set aside pursuant to section 14 of the Judiciary Law, because the Judge who presided over the proceedings became interested in the litigation. The operative facts are undisputed. In the course of a pretrial conference, a settlement proposal was made which essentially provided that the plaintiff wife would withdraw her action for divorce and would waive alimony; that she would have custody of the couple's one child; and that the husband would pay child support of $110 per week, counsel fees of $1,000 to the wife's attorney, and various other debts and arrearages. The husband advised his attorney that he was without funds to meet the terms of the proposed settlement. Thereupon, the Judge presiding at the conference offered to lend the husband $2,250, to be secured by a chattel mortgage on his business (a candy and stationery store) in favor of the Judge's son. The husband agreed. The Judge gave the husband's counsel a check for $2,250 and a judgment of divorce was granted to the

husband. A chattel mortgage, with interest at the rate of 8 ½% per annum, was executed and recorded. Subsequent to that, the judgment was entered. The husband has made two unsuccessful efforts to modify the amount of support payments. Approximately 17 months after entry of the judgment of divorce, the husband, by order to show cause, applied to have the judgment of divorce declared void under section 14 of the Judiciary Law. He appeals from the denial of his application. The husband has suggested neither the motivation for the loan nor how he was prejudiced by the judgment he now seeks to set aside. More importantly, the record is ambiguous as to what, if any, interest the Judge had in the outcome of the litigation. Nevertheless, the judgment of divorce must be declared null and void. Section 14 of the Judiciary Law, insofar as it is relevant, provides: "A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree." While the statute is in part directed at protecting innocent litigants, its primary purpose is to insure the dignity of the judiciary. Thus, "The urgency of a particular case is not so much to be regarded as the elevation and honor of courts of justice, whose dignity and purity constitute a main pillar of the state" *(Oakley v Aspinwall,* 3 NY 547, 550). In addition, it has long been held that statutes requiring disqualification on the basis of interest or bias, are jurisdictional and that parties may not consent that a Judge sit on a case when that Judge is disqualified by operation of statute (see *Oakley v Aspinwall, supra; Queens-Nassau Mtge. Co. v Graham,* 157 App Div 489). Although the question of when a Judge should disqualify himself is generally a matter of personal conscience, the courts must be wary lest a seemingly innocuous action result in discrediting the judiciary and undermining the effectiveness of the judicial process. In the present action, although there is no certainty of improper judicial interest, the mere making of the loan carries such a strong taint of interest, that the integrity of the judiciary requires that the judgment be set aside. This public policy must be invoked regardless of the Judge's good intentions and regardless of the absence of prejudice. Therefore, notwithstanding the husband's extreme bad faith, we are constrained to vacate the judgment of divorce. Martuscello, J. P., Titone, Rabin and Margett, JJ., concur.