■ JOHN D. MURRAY, Respondent, v SARA D. MURRAY, Appellant.— Appeal from an order of Supreme Court at Special Term, entered October 12, 1979 in Tompkins County, which denied defendant's motion to disqualify Acting Supreme Court Justice Betty D. Friedlander from acting as Trial Judge in this action. Plaintiff commenced an action for divorce in 1979, alleging a cause of action for cruel and inhuman treatment, and a second cause of action based on defendant's adultery. Defendant served an answer and counterclaim. Judge Betty D. Friedlander was assigned as Acting Justice of the Supreme Court to preside at the trial of the divorce action. The trial commenced on August 17, 1979 and continued for three days. During the course of the trial, plaintiff's attorney informed the court that plaintiff intended to pursue the second cause of action based on adultery and withdrew the first cause of action for cruel and inhuman treatment. On the fourth day of trial, defendant's attorney moved for disqualification of Judge Friedlander pursuant to section 14 of the Judiciary Law. Defendant asserts that in December, 1969, she had contacted Judge Friedlander, who was then attorney in charge of the Cornell Legal Aid Clinic, concerning defendant's marital difficulties and for the purpose of increasing child support paid by defendant's first husband. Defendant was denied representation by the clinic due to financial ineligibility and, in addition, Judge Friedlander refused to represent her as a private attorney. Judge Friedlander denies having any recollection of the alleged contacts with defendant, but concedes that "the nature of them shall be credited for the purpose of this action." Judge Friedlander denied the motion, holding that defendant did not allege that any legal advice was given, and further, that no action was pending when the alleged consultations took place. At issue in this matter is whether a Trial Judge should disqualify herself pursuant to section 14 of the Judiciary Law when she had been consulted by the defendant as an attorney but not retained in a matter related to the one being tried before the court. Section 14 of the Judiciary Law provides, in part, that: "A judge shall not sit as such in, or take part in the decision of, an action, claim, matter, motion or proceeding * * * in which he has been attorney or counsel". Section 14 of the Judiciary Law has as its primary purpose the preservation of the dignity of the judiciary *(Casterella v Casterella,* 65 AD2d 614). We deem it to the benefit of the judiciary that where an appearance of improper judicial interest emerges, the integrity of the judiciary requires that a Judge disqualify herself. It is conceded here that defendant consulted the Judge about her marital difficulties and child support. Defendant avers that she informed the Judge that the plaintiff abandoned the marital home, refused to have sexual relations with defendant and was threatening to abandon her without any support. Defendant's counterclaim in the present action contains the same allegations. Although

the relief sought in both actions may have been different, one being for support and the other for divorce, relying on labels does not assist in a sensible resolution of the matter. The Trial Judge is confronted by a sensitive situation. No matter what the outcome of the case and the ultimate fairness of her judgment, the integrity of the court will be called into question because of defendant's doubt as to the Judge's impartiality. We deem it appropriate that the Judge disqualify herself in such case (*Corradino v Corradino*, 48 NY2d 894). Order reversed, on the law and the facts, without costs. Kane, J. P., Main and Mikoll, JJ., concur.

Staley, Jr., and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Staley, Jr., J. Staley, Jr., J. (dissenting). We respectfully dissent and vote to affirm. At the time of the alleged contacts with Judge Friedlander, defendant was seeking support for her child from her first husband, and, therefore, there could be no identity of legal actions. Section 14 of the Judiciary Law provides, in part, that: "A judge shall not sit as such in, or take part in the decision of, an action, claim, matter, motion or proceeding * * * in which he has been attorney or counsel". The statute contemplates that the Judge sought to be disqualified must have acted as "attorney or counsel" in an "action, claim, matter, motion or proceeding". None of these designated causes was pending at the time of the alleged contacts, nor was any legal action taken on behalf of defendant, no legal advice was given, and no representation was undertaken and no fee was paid. No attorney-client relationship has been established within the meaning of section 14 of the Judiciary Law, and the motion was properly denied (*Keefe v Third Nat. Bank of Syracuse*, 177 NY 305; *Davis v Seward*, 80 Misc 210, affd 71 App Div 963). In addition, there is no showing of any abuse of discretion in the trial court's denial of the motion (*People v Patrick*, 183 NY 52; *Matter of Robin O*, 80 Misc 2d 242; *Matter of Natter*, 70 Misc 2d 791). The majority's reliance on *Corradino v Corradino* (48 NY2d 894) is not controlling under the facts involved here. In *Corradino*, there was no disqualification of the Trial Judge. Instead, the Court of Appeals, in a gratuitous dictum statement, stated that it was better practice for the court to disqualify itself where the attorney for one of the parties had been associated with the Trial Judge prior to her designation to the Bench. In addition, in the instant case defendant was content to have Judge Friedlander preside over the trial for three days, and until the cause of action based on defendant's adultery became the sole issue at trial. Defendant apparently was disappointed with the progress of the trial in her favor, and elected to make the motion on technical grounds to obtain a new trial before another court. Such tactics of upmanship should not be tolerated so as to avoid a state of *Weltschmerz*.