OPINION OF THE COURT
Stuart Namm, J.
The defendant has been indicted by the Grand Jury of Suffolk County of one count of the crime of rape in the first degree, two counts of the crime of sodomy in the first degree, and one count of the crime of sexual abuse in the first degree. He has pleaded “not guilty” to each of the charges at arraignment before this court.
At the time of the defendant’s arraignment, an oral application was made on his behalf by prior counsel for this court to recuse itself from this case on the grounds that there would appear to be a potential conflict, or appearance of conflict, since this Judge’s spouse is a probation officer of the Suffolk County Department of Probation, and the father of this defendant is likewise employed by the Suffolk County Department of Probation as a probation officer. The application was summarily denied by the court, and leave was given to make such application, on notice to the District Attorney, in writing.
A formal application, in writing, was subsequently filed with this court, and the same is the subject of this decision. It should be noted that, after discussion between previous counsel and the *538 prosecuting District Attorney, the People “join(ed) in defendant’s application to have this Court recuse itself.” Such consent was given by the prosecutor without making any inquiry as to whether the court had ever met or even heard of the defendant’s father, and without determining whether the father of the defendant had any relationship to the spouse of this Judge, social, working or otherwise. It is important to note, at the outset, however, that this court never met or heard of the defendant’s father, prior to the arraignment, and this Judge’s spouse has never met or worked with the father of the defendant, nor is there any foreseeable prospect of her doing so.
THE LAW AS TO CONFLICTS OF INTEREST
Judiciary Law § 14, as it applies to this case, provides as follows: “A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree.”
Code of Judicial Conduct, Canon 2 provides as follows:
“A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities
“A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
“B. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment.”
Code of Judicial Conduct, Canon 3 (C) provides, in pertinent part, as follows:
“(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where * * *
“(c) he knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding”.
*539 The litmus test which has generally been applied is not whether there exists an actual bias, but whether the circumstances would give the appearance of bias or whether one could reasonably imply the existence of a bias. (De Camp v Good Samaritan Hosp., 66 AD2d 766.) The test seeks to insure not only that a biased Judge will not participate injudicial proceedings, but also that no reasonable person, party to the proceedings or not, will suspect the existence of partiality. (Scott v Brooklyn Hosp., 93 AD2d 577.)
*538 The courts, in general, and the Second Department in particular, have sought to insure that no judicial action be taken which could “result in discrediting the judiciary and undermining the *539 effectiveness of the judicial process.” (Casterella v Casterella, 65 AD2d 614, 615.) However, the question of whether a Judge should or should not disqualify himself has been left generally to the personal conscience of the court. (Casterella v Casterella, 65 AD2d 614, 615, supra.)
It would be simple enough for this court to comply with the wishes of the defendant, especially with the consent of the prosecuting attorney, there being two other Judges in the County Court who preside over cases being tried by the Major Offense Bureau of the District Attorney’s office. However, this court is peculiarly sensitive to such an application, since it is not the first occasion upon which a defendant has attempted to choose his forum by seeking to have this court recuse itself on the grounds that the Judge’s spouse is a probation officer in the Suffolk County Department of Probation. Such application has been made in the abstract, as here, without any showing of conflict or impropriety, or any showing as to how the same could even be implied.
In 1979, more than three years after this Judge commenced a term in the District Court of Suffolk County, his spouse was employed from a civil service list as a probation officer trainee in the Suffolk County Department of Probation. From the first day that she was assigned to a unit within the Department, she was anchored in the Family Court division dealing with juvenile delinquency and PINS cases only to insure that her employment would not conflict with this court’s tenure as a Judge. She has continued to be so assigned — not unrightfully — by her superiors for the past five years, while this Judge moved from the District Court, with misdemeanor jurisdiction, to the County Court, with felony jurisdiction.
In this age of independent spouses, and equality of gender, the position of this Judge has weighed somewhat like an albatross about the neck of his spouse, since she has been made aware by her superiors that she will never, during the judicial tenure of this Judge in the County Court, be permitted to function within *540 the criminal division of the Department of Probation. Such action has been purposeful to insure that there be no conflict or impropriety between her conduct as a probation officer and this court’s conduct as a judicial officer, or even the appearance of same.
It is ironic, therefore, that where such extraordinary precautions have been taken to avoid even an appearance of conflict or impropriety that defendants, not unlike this one, have sought to have this court recuse itself as presiding Judge after learning of his spouse’s employment status. In one particular instance, however, this court recused itself sua sponte where the defendant happened to be the father of a juvenile probationer supervised by the Judge’s spouse, and the information was conveyed to the court by his spouse. Such was done to avoid the appearance of an impropriety.
In this case, however, the defendant has gone one step further — seeking recusal because of a perceived relationship between the spouse of the presiding Judge and the father of the defendant. No such relationship exists now, has ever existed, or is likely to exist in the future, since, as I understand, after independent research by the court, that each are employed in different divisions of the Department, and, more important, in separate parts of the county. Had the prosecutor seen fit to make his own investigation, rather than accepting matters on face value, he would have had to reach the same conclusion.
While it is imperative to insure the integrity of the judicial process, and to insure that there be not even an appearance of an impropriety or partiality which could taint the actions of the court, it is equally important to insure that neither the defendant nor the prosecutor be in a position where it would become possible to shop for an acceptable forum to dispose of pending business, by trial or otherwise. This court was assigned this serious criminal matter through a system of rotation established by the Administrative Judge, and the court does not take such assignment lightly. Ultimately, this defendant, as every other defendant, will have the fair trial to which he is entitled, within the capabilities of this court. Both he and the People are entitled to no less under our system of justice. Nonetheless, the defendant is not entitled to a recusal which is unjustified in the eyes of the law, despite consent by a willing, but unknowing prosecutor.
For all of the foregoing reasons, the application of the defendant is hereby denied.