Matter of Czajka v Koweek (2020 NY Slip Op 07009)





Matter of Czajka v Koweek


2020 NY Slip Op 07009


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

530611

[*1]In the Matter of Paul Czajka, as Columbia County District Attorney, Petitioner,
v
Richard Koweek, as County Judge of Columbia County, Respondent.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for petitioner.



Clark, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent from enforcing an order, among other things, disqualifying petitioner and his staff from further prosecuting certain criminal charges against Jamel Brandow and appointing a special District Attorney.
In June 2019, a grand jury — impaneled by petitioner in his capacity as the Columbia County District Attorney — handed down an 18-count indictment that charged Jamel Brandow with committing, among other things, various sex offenses against children. Eleven of those sex offenses were alleged to have been perpetrated in 2007 and 2008 against a particular child victim (hereinafter referred to as the victim). Brandow thereafter moved to disqualify petitioner and the Columbia County District Attorney's office from prosecuting the criminal charges against him, arguing that petitioner, in his prior capacity as a Family Court judge, had presided over certain Family Court proceedings against Brandow in which the victim was a subject. Respondent denied the motion, finding that disqualification was not mandated. Following the disclosure of new information, including that petitioner had committed Brandow to a jail term for violating an order of protection issued in favor of the victim and several others, Brandow renewed his motion. Respondent found that the prohibition in Judiciary Law § 17 had been triggered and, by order entered in November 2019, granted the motion to the extent of disqualifying petitioner and his staff from prosecuting the 11 charges pertaining to the victim and appointing a special District Attorney to prosecute those charges.[FN1] Petitioner then commenced this CPLR article 78 proceeding to prohibit respondent from enforcing the order, which this Court stayed pending its determination (2020 NY Slip Op 62291[U]).[FN2]
Petitioner argues that Judiciary Law § 17 does not mandate his disqualification from prosecuting the underlying criminal charges against Brandow. Under the circumstances of this case, we agree.
Pursuant to Judiciary Law § 17, a former judge "shall not act as attorney or counsellor in any action, claim, matter, motion or proceeding, which has been before him [or her] in his [or her] official character" (emphasis added). Here, contrary to respondent's determination, the underlying criminal matter was not in any way before petitioner in his former judicial capacity. Although petitioner presided over proceedings brought against Brandow in Family Court in 2008, the matters litigated in those proceedings bear no similarity to the allegations of sexual misconduct charged in the indictment (see People v Burks, 172 AD3d 1640, 1642 [2019], lv denied 33 NY3d 1102 [2019]; compare NY St Bar Assn Comm on Prof Ethics Op 1064 [2015]). Further, although petitioner determined that Brandow violated an order of protection issued in favor of the victim and others, the violation did not arise out of any contact between Brandow and the victim. Accordingly, as the underlying criminal matter was not previously before petitioner in his judicial capacity, Judiciary Law § 17 does not prohibit petitioner's prosecution of the subject criminal charges (see Matter of Columbia County Subpoena Duces Tecum Dated Mar. 20, 2013. [Czajka], 118 AD3d 1081, 1082-1083 [2014]; compare Matter of Czajka v Koweek, 100 AD3d 1136, 1139 [2012], lv denied 20 NY3d 857 [2013]).
To the extent that respondent's November 2019 order can be read as disqualifying petitioner and his staff pursuant to County Law § 701, we find any such conclusion to be unsupported by the record, as there was no showing of "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]; see Matter of Soares v Herrick, 20 NY3d 139, 146 [2012]). In light of all of the foregoing, we grant the petition and issue a writ of prohibition.
Garry, P.J., Lynch, Devine and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the petition is granted, without costs, and respondent is prohibited from enforcing the November 27, 2019 order.



Footnotes

Footnote 1: Respondent stayed his order for a period of roughly five weeks.

Footnote 2: Pursuant to CPLR 7804 (i), respondent has elected not to appear in this proceeding.