Matter of Gordon (2021 NY Slip Op 01294)





Matter of Gordon


2021 NY Slip Op 01294


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

529943

[*1]In the Matter of the Estate of Susan M. Gordon, Deceased. David Baglione, Respondent; Carol L. Beebe, as Executor of the Estate of Susan M. Gordon, Deceased, Appellant. (And Two Other Related Proceedings.)

Calendar Date: November 17, 2020

Before: Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.; Garry, P.J., vouched in.


Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for appellant.
Catheryn M. Doyle, Slingerlands (Paul J. Connolly, Delmar, of counsel), for respondent.



Egan Jr., J.
Appeal from an order of the Surrogate's Court of Albany County (Maney, S.), entered July 26, 2019, which denied respondent's motion to disqualify petitioner's counsel.
On May 19, 2004, Susan M. Gordon (hereinafter decedent) executed a last will and testament in the presence of two subscribing witnesses. After providing for bequests of cash and/or crystal to five friends, the will directed that petitioner receive "life use in all of [decedent's] personal property" and that the rest, residue and remainder of decedent's estate be placed into a trust created for the benefit of petitioner.[FN1] Respondent was named as both executor and trustee. On January 1, 2006, decedent died. Respondent thereafter commenced a probate proceeding in Albany County Surrogate's Court seeking to admit decedent's will to probate and obtain letters testamentary and letters of trusteeship. Surrogate's Court (Doyle, S.) admitted the will to probate and issued letters testamentary and letters of trusteeship to respondent. The trust was subsequently funded with the remainder assets from decedent's estate, and respondent thereafter commenced making income payments to petitioner, as required per the terms of the trust.
In June 2014, respondent learned that petitioner was incarcerated in Florida and ceased making income payments to him, pending his release from custody. Contending that respondent lacked the discretionary authority, as trustee, to suspend his income payments, petitioner commenced proceedings to (1) compel an accounting of decedent's estate by respondent, in respondent's capacity as executor thereof, and (2) compel an accounting of the trust by respondent, in respondent's capacity as trustee.[FN2] While these proceedings were pending, respondent initiated a third proceeding, seeking a judicial settlement of the trust accounts.[FN3] Appearing as petitioner's attorney of record in these proceedings was the former Surrogate, now engaged in the private practice of law. Following the filing of a contempt motion by petitioner, respondent moved to disqualify petitioner's counsel on the ground that she had previously served as Surrogate in the probate proceeding involving decedent's estate. Surrogate's Court (Maney, S.) denied respondent's motion to disqualify, prompting this appeal.
Respondent contends that Surrogate's Court erred in not granting her motion to disqualify petitioner's counsel. We agree. Just as a judge may not preside over a case that he or she was previously involved in as an attorney (see Judiciary Law § 14; 22 NYCRR 100.3 [E] [1] [b] [i]), an attorney may not appear for a client in a case that he or she previously presided over as a judge (see Judiciary Law § 17; Matter of Czajka v Koweek, 100 AD3d 1136, 1139 [2012], lv denied 20 NY3d 857 [2013]; see also Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.12 [a]). To that end, Judiciary Law § 17 provides that a "former judge or surrogate shall not act as attorney or counsellor in any action, [*2]claim, matter, motion or proceeding, which has been before him [or her] in his [or her] official character." This prohibition is "absolute" and "establishes a bright-line disqualification rule" (Matter of Czajka v Koweek, 100 AD3d at 1139). By our reading, this statute clearly operates to disqualify petitioner's counsel — who previously presided as the Surrogate over the probate of decedent's will and the issuance of letters testamentary and letters of trusteeship to respondent — from now representing petitioner in his claims against respondent involving the same estate and the same trust (see id.; see also People v Sumter, 169 AD3d 1275, 1276 [2019]; People v Oakley, 104 AD3d 1059, 1059-1060 [2013]; compare Matter of Czajka v Koweek, 188 AD3d 1540, 1541-1542 [2020]; People v Burks, 172 AD3d 1640, 1641-1642 [2019], lv denied 33 NY3d 1102 [2019]). To the extent that Surrogate's Court determined that Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.12 (a) would permit the former Surrogate to represent petitioner in this matter — a finding with which we do not agree — this rule cannot be relied upon to permit a representation agreement that is otherwise precluded by Judiciary Law § 17. To the extent not specifically addressed, petitioner's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., and Pritzker J., concur.
Colangelo, J. (dissenting).
We respectfully dissent and affirm for the following reasons.
As Surrogate's Court recognized, and as both parties appear to agree, the determination of this appeal begins and ends with the interpretation of a statute and rule and their application to the facts as set forth above. Judiciary Law § 17 provides that "[a] judge or surrogate or former judge or surrogate shall not act as attorney or counselor in any action, claim, matter, motion or proceeding, which has been before him [or her] in his [or her] official character." Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.12 (a), applicable to all attorneys who practice in this state, provides that "[a] lawyer shall not accept private employment in a matter upon the merits of which the lawyer has acted in a judicial capacity." Both respondent and the majority press for an interpretation of these authorities that would impose a bright line rule to proscribe, in all cases, the appearance of a former judge as an attorney in any case or proceeding in which he or she served on the bench (see Matter of Czajka v Koweek, 100 AD3d 1136, 1139 [2012], lv denied 20 NY3d 857 [2013]).[FN4] At first glance, that contention has some surface appeal; after all, the term "matter" used in both Judiciary Law § 17 and rule 1.12 (a) is broadly defined in Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.0 (l) to include virtually any judicial or quasi-judicial proceeding.
Specifically, a "'[m]atter' includes any litigation, judicial or administrative proceeding, case, claim, application, request for a ruling or other [*3]determination, contract, controversy, investigation, charge, accusation, arrest, negotiation, arbitration, mediation or any other representation involving a specific party or parties" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.0 [l]). However, as reflected in the statute and regulation that govern here, the law in this area is painted more in shades of gray (but see Matter of Czajka v Koweek, 100 AD3d at 1139 [opining that, under the facts presented, application of Judiciary Law § 17 "could not be more clear and plainly operates to disqualify [the] petitioner"]). Indeed, neither authority sets forth such an absolute rule. Rather than bar all participation by a former judge, these authorities call for an examination and comparison of both the "matter" itself and the former judge's involvement in the merits thereof. In this case, the issue boils down to whether petitioner's counsel, the former Surrogate, acted in the same "matter" as the instant controversy and, if so, whether she, as Surrogate, acted upon the "merits" of the matter now before Surrogate's Court.
As Surrogate's Court recognized in denying respondent's motion to disqualify, the two proceedings at issue are distinct. The necessary parties to a probate proceeding are different than the parties to a proceeding to compel an accounting, and the facts underlying a probate proceeding are distinct from those at issue in an accounting. Further, over 10 years has elapsed between the two matters (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.11 Comment [10]). However, in light of the expansive definition of the term matter — the central term that appears in both the cited statute and the regulation — the second merits-based inquiry holds the key (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.12 Comment [1] [stating that "the former judge or adjudicative officer is not prohibited from representing a client in a matter that was pending in the court if the former judge or adjudicative officer did not act upon the merits in that matter"]).
Even if the term matter as contained in both Judiciary Law § 17 and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.12 (a) is broadly defined to include any proceeding now pending in the same court in which the former judge presided — as the definition of matter in Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.0 (l) would suggest — it is clear upon analysis that petitioner's counsel, as the former Surrogate, did not act upon the merits of the controversy now before Surrogate's Court. Aside from the fact that the two proceedings are 10 years apart and involve several different parties, the issues involved in each proceeding were and are distinct, and the merits in the proceeding before the former Surrogate differ markedly from the merits of the proceeding now before the court. In the 2006 proceeding, the issue raised and the determination made by the former Surrogate was whether decedent's will — a [*4]will that named respondent as executor and trustee — should be admitted to probate and, as far as respondent was concerned, whether respondent possessed the necessary, rudimentary qualifications to serve as executor and trustee. In the instant proceeding, the issue is not respondent's qualifications, but her conduct — namely, whether, in the context of an accounting, she properly discharged her responsibilities as executor and trustee. Therefore, notwithstanding the restriction of rule 1.12 (a) on accepting "private employment in a matter upon the merits of which the lawyer has acted in a judicial capacity" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.12 [a]; see ABA Formal Opinion 31 [1931]), the facts, issues and merits of the matter currently before Surrogate's Court are distinct from the issues that confronted the former Surrogate some 10 years ago. As such, we do not find that the prohibitions set forth in Judiciary Law § 17 and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.12 (a) do not require disqualification of petitioner's counsel under the unique circumstances present here (see People v Burks, 172 AD3d 1640, 1642 [2019], lv denied 33 NY3d 1102 [2019]; Matter of Columbia County Subpoena Duces Tecum Dated Mar. 20, 2013 [Czajka], 118 AD3d 1081, 1083 [2013]).[FN5] Thus, as Surrogate's Court did not abuse its discretion in denying respondent's motion, we would affirm.
Reynolds Fitzgerald, J., concurs.
ORDERED that the order is reversed, on the law, with costs, motion granted, and matter remitted to the Surrogate's Court of Albany County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Respondent's two children were named as the remaindermen of both the will and the trust.

Footnote 2: Said proceedings also sought to, among other things, compel respondent to tender the indicated income payments to petitioner and remove respondent as executor/trustee based upon respondent's failure to fulfill her fiduciary obligations.

Footnote 3: An amended petition was filed in July 2017.

Footnote 4: Matter of Czajka dealt with a criminal prosecution in which the District Attorney, a former County Judge, had presided over important aspects of the defendant's prosecution while serving in that capacity and was therefore disqualified (Matter of Czajka v Koweek, 100 AD3d at 1137; see People v Sumter, 169 AD3d 1275, 1276 [2019]; People v Oakley, 104 AD3d 1059, 1059 [2013]). That matter is a far cry from the instant civil situation in which the merits previously addressed by petitioner's counsel, as the former Surrogate, do not directly pertain to the instant controversy.

Footnote 5: We do not suggest, as the majority implies, that Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.12 (a) should take precedence over a statutory directive. However, such a rule may properly serve to inform the manner in which Judiciary Law § 17 should be interpreted and applied in practice. After all, petitioner's counsel is no longer a member of the Judiciary, but a practicing attorney, bound by the Rules of Professional Conduct, including rule 1.12 (a).