Matter of John II. v Kristen JJ. (2022 NY Slip Op 05132)

Matter of John II. v Kristen JJ.

2022 NY Slip Op 05132

Decided on September 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 8, 2022

533402
[*1]In the Matter of John II., Appellant,
v
Kristen JJ., Respondent.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Todd G. Monahan, Schenectady, for appellant.
Ruchelman & Cruikshank, PC, Plattsburgh (Allan B. Cruikshank Jr. of counsel), for respondent.
Cheryl Maxwell, Plattsburgh, attorney for the children.

Clark, J.P.
Appeal from an order of the Family Court of Clinton County (Keith M. Bruno, J.), entered April 9, 2021, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition at the close of petitioner's proof.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2008, 2009 and 2010). Pursuant to a November 2012 order issued upon the father's default, the mother was granted sole legal and physical custody of the children. Subsequently, in June 2017, the parties entered into an agreement through which the mother retained sole legal and physical custody of the children, and the father was "entitled to weekly supervised visitation as arranged with and supervised by the Child Care Coordinating Council of North Country—Family Connections." In July 2020, the father filed the instant petition through which he sought a modification of the June 2017 order. He also sought Family Court's disqualification, noting that the November 2012 order listed "Keith M. Bruno" as the mother's counsel in those proceedings. Family Court denied the father's disqualification motions.[FN1] Following a fact-finding hearing where the mother was the only witness, Family Court dismissed the father's petition for failure to establish a prima facie case. The father appeals.
Initially, the father argues that Family Court erred in denying his motion to have the court be disqualified from the matter.[FN2] We agree. "A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding . . . in which he [or she] has been attorney or counsel" (Judiciary Law § 14; see Rules Governing Judicial Conduct [22 NYCRR] § 100.3 [E] [1] [b] [i]). "This prohibition is absolute and establishes a bright-line disqualification rule" (Matter of Gordon, 192 AD3d 1206, 1207 [3d Dept 2021] [internal quotation marks and citation omitted] [addressing the mirror directive codified in Judiciary Law § 17 prohibiting judges who return to practice from appearing in matters over which they presided]). Although neither the Judiciary Law nor the Rules Governing Judicial Conduct define "an action, claim, matter, motion or proceeding" (Judiciary Law § 14), Black's Law Dictionary defines a "claim" as "[t]he assertion of an existing right . . . to an equitable remedy, even if contingent or provisional" (Black's Law Dictionary [11th ed 2019], claim).
When the father moved for Family Court's recusal and/or disqualification, the judge explained that he did not recall such representation from eight to nine years prior, and we do not question Family Court's recollection. However, our jurisprudence recognizes that, except in limited circumstances, a parent has an existing and ongoing right to custody of and/or visitation with his or her children (see Matter of William V. v Christine W., 206 AD3d 1478, 1481 [3d Dept 2022]; Matter of Jared MM. v Mark KK., 205 AD3d 1084, 1086[*2]-1087 [3d Dept 2022]; see also Family Ct Act § 1035 [d]), and it is undisputed that the November 2012 default order and the order on appeal both deal with the custodial arrangement between the same two parents regarding the same three children. Under these circumstances, where the two proceedings involve the same claim of custody, guardianship, or visitation for the same children, we find that Family Court was statutorily disqualified from the instant proceedings (see Judiciary Law § 14; Murray v Murray, 73 AD2d 1015, 1015 [3d Dept 1980], appeal dismissed 50 NY2d 1059 [1980]; cf. Matter of Gordon, 192 AD3d at 1207; compare Matter of Corey O. v Angela P., 203 AD3d 1450, 1453 [3d Dept 2022], appeal dismissed 38 NY3d 1050 [2022]).[FN3] Accordingly, the order must be reversed and the matter remitted before a different judge for a new fact-finding hearing on the father's July 2020 petition. The father's remaining contentions have been rendered academic by our determination.
Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision before a different judge.

Footnotes

Footnote 1: The father made several verbal motions for Family Court's recusal and/or disqualification throughout this proceeding and on one occasion he made the same request in writing.
Footnote 2: The attorney for the children argues against Family Court's disqualification.

Footnote 3: Despite our ruling, our review of the record reveals that, contrary to the father's assertion, Family Court behaved in a manner that was fair and impartial.